

**MINUTE ENTRY**
**CHASEZ, M.J.**
**FEBRUARY 15, 2000**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ROYAL STEVENS**                                    **CIVIL ACTION**

**VERSUS**                                          **NO. 00-405**

**BURL CAIN**                                       **SECTION "S" (5)**

The petitioner in the above-captioned *habeas corpus* action pursuant to 28 U.S.C. § 2254 has

filed a motion for appointment of counsel. Pursuant to Rule 8 of the Rules Governing Section 2254

Cases, a court shall appoint counsel if an evidentiary hearing is required. However, a court may

appoint counsel at any other stage in the proceedings if doing so is in the interest of justice.

In general, a court will appoint counsel to an indigent party only in exceptional

circumstances. *See Sonnier v. Johnson*, 161 F.3d 941, 946 (5th Cir. 1998); *Schwander v. Blackburn*,

750 F.2d 494, 502 (5th Cir.1985); *see also Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir.

1982); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). In the present case, the appropriate state

officials have not had the opportunity to respond to the petition. Once a response has been filed, the

court will review the petition, the state's response, and the state court record. The court will then

**FEB 16 2000**

DATE OF ENTRY_____

be able to determine whether an evidentiary hearing is necessary. Furthermore, the petitioner's claims do not appear to be sufficiently complex to warrant the appointment of counsel at this early stage of the proceedings.

Accordingly,

**IT IS ORDERED** that the petitioner's motion to appoint counsel is **DENIED**.


ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

2