

FILED
U.S. DISTRICT COURT
2000 MAY 10 A 9:30
LORETTA G. WHYTE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROYAL STEVENS | CIVIL ACTION |
| VERSUS | NUMBER: 00-405 |
| BURL CAIN | SECTION: "A"(5) |

### REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court is the application for writ of habeas corpus of petitioner, Royal Stevens, and the State's response thereto. (Rec. docs. 1, 9). Having determined that an evidentiary hearing is not necessary, it is recommended, for the reasons that follow, that Stevens' petition be dismissed with prejudice.

Petitioner Stevens is a state prisoner currently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On June 23, 1994, Stevens was found guilty of four counts of armed robbery after trial, by jury, in the Criminal District Court for the Parish of Orleans, State of Louisiana. On July 21, 1994, Stevens was

DATE OF MAILING  MAY 10 2000

DATE OF ENTRY
MAY 10 2000

sentenced to thirty-five years imprisonment as to each of the four counts, the sentences to run concurrently.

Stevens directly appealed his conviction and sentences, asserting three assignments of error. On May 15, 1996, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentences in an unpublished opinion. State v. Stevens, 673 So.2d 739 (La. App. 4th Cir. 1996)(table). Writs were subsequently denied by the Louisiana Supreme Court on January 31, 1997. State v. Stevens, 687 So.2d 399 (La. 1997). Stevens' conviction thus became final on the latter date. LSA-C.CR.P. Art. 922(D); State v. Bennett, 610 So.2d 120, 125 (La. 1992).

Thereafter, Stevens took no further action with respect to his conviction until June 22, 1998, over one year later, when he filed a motion for production of documents in the state trial court. That motion was denied on July 28, 1998, a ruling that was left undisturbed by the Louisiana Fourth Circuit. State v. Stevens, No. 00-K-311 (La. App. 4th Cir. Feb. 29, 2000)(unpublished order); State v. Stevens, No. 99-K-3137 (La. App. 4th Cir. Jan. 4, 2000)(unpublished order). Stevens then filed an application for

post-conviction relief on October 19, 1998 which the trial court denied on October 29, 1998. Stevens' subsequent requests for writs from the Louisiana Fourth Circuit, <u>State v. Stevens</u>, No. 98-K-2963 (La. App. 4th Cir. Feb. 3, 1999)(unpublished order), and the Louisiana Supreme Court, <u>State ex rel. Stevens v. State</u>, 746 So.2d 1279 (La. 1999), met similar fates.[1]/ The instant proceeding followed.

Under 28 U.S.C. §2244(d)(1), as amended by the Antiterrorism

---

[1]/ A review of the state court record reflects that on December 15, 1999, Stevens filed a "Notice of Intent" with the trial court, representing therein his intention to seek a writ of mandamus from the Louisiana Fourth Circuit in connection with the trial court's purported denial of Stevens' "Request for Public Records" which was supposedly filed on October 21, 1997. The state court record contains no such request nor any order of the trial court acting on the matter. However, the state court record does contain several motions for production of documents that were denied by the trial court on October 11, 1994 and December 5, 1994. (Vol. 3). The only other references to Louisiana's Public Records Act ("LPRA") appearing in the record are the Louisiana Fourth Circuit's orders of February 29, 2000 and January 4, 20000 instructing Stevens to direct any LPRA requests to the trial court in the first instance. <u>State v. Stevens</u>, No. 00-K-311 (La. App. 4th Cir. Feb. 29, 2000)(unpublished order); <u>State v. Stevens</u>, No. 99-K-3137 (La. App. 4th Cir. Jan. 4, 2000)(unpublished order). Like the Court, the Louisiana Fourth Circuit was thus unable to locate any LPRA request filed by Stevens in the trial court on October 21, 1997.

3

and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L.No. 104-132, 110 Stat. 1214 (1996)(effective April 24, 1996), state prisoners like Stevens now have one year from the date that their convictions became final to timely seek federal habeas relief. Excluded from that one year is any time that "...a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim...[was] pending..." in the state courts. 28 U.S.C. §2244(d)(2); Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 (4th Cir. 1998); Gray v. Waters, 26 F.Supp. 2d 771 (D. Md. 1998), appeal dismissed, 178 F.3d 1283, 1999 WL 270370 (4th Cir. 1999). See also Sonnier v. Johnson, 161 F.3d 941, 944-45 (5th Cir. 1998); Neslo v. Cain, 156 F.3d 182 (5th Cir. 1998)(table).

As noted in the procedural history set forth above, Stevens' conviction and sentences became final on January 31, 1997. Under §2244(d), he had one year from that date to timely file his habeas petition in this Court, excluding any time that an application for post-conviction or other collateral relief was pending in the state courts. A review of the state court record submitted by the

4

respondent does not reveal the pendency of any requests for post-conviction or collateral relief in the state courts in the one-year period immediately following January 31, 1997. As no facts have been presented warranting the application of equitable tolling, Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, \_\_\_\_ U.S. \_\_\_\_, 120 S.Ct. 1564 (2000), it will be recommended that Stevens' petition be dismissed as time-barred.

## RECOMMENDATION

For the foregoing reasons, it is recommended that the application for federal habeas corpus relief of Royal Stevens be dismissed with prejudice.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v.

United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

New Orleans, Louisiana, this 4th day of May, 2000.

_____
UNITED STATES MAGISTRATE JUDGE