```
                                                        FILED
                                                   U.S. DISTRICT COURT
                                                 EASTERN DISTRICT OF LA

                                                   2000 JUN -1  P 2: 59

         UNITED STATES DISTRICT COURT              LORETTA G. WHYTE
          EASTERN DISTRICT OF LOUISIANA                   CLERK
```

ROYAL STEVENS                                CIVIL ACTION

VERSUS                                       NO. 00-405

BURL CAIN, WARDEN                            SECTION "A"


O R D E R

The Court, having considered the complaint, the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the petitioner's Objections to the Magistrate Judge's Report and Recommendation, hereby approves the Report and Recommendation of the United States Magistrate Judge and adopts it as its opinion in this matter.

In his objections to the Magistrate Judge's Report, petitioner Royal Stevens ("Stevens") does not dispute the critical facts upon which the Magistrate Judge's proposed resolution turns.

> Stevens' conviction and sentences became final on the latter date [January 31, 1997].
> Thereafter, Stevens took no further action with respect to his conviction until June 22, 1998, over one year later, when he filed a motion for production of documents in the state trial court. That motion was denied on June 28, 1998, a ruling that was left undisturbed by the Fourth Circuit.... Stevens then filed an application for post-conviction relief of October 19, 1998 which was denied on October 29, 1998. Stevens' subsequent

DATE OF ENTRY
JUN 0 1 2000



1

request for writs to the Louisiana Fourth Circuit..., and the Louisiana Supreme Court..., met similar fates.[1]

Simply stated, Stevens does not dispute that during the pendency of the entirety of the one-year statutory limitations period prescribed by 28 U.S.C. § 2244(d)(1)(A), no properly filed post-conviction proceedings were pending in state court to toll or extend the limitation period. Between January 31, 1997 and January 31, 1998, Stevens had no claims pending in the state court and so the limitations period expired. Petitioner's state court filings thereafter on June 22, 1998 did not revive the AEDPA's one-year limitations period and start it running anew.

Pursuant to 28 U.S.C. § 2244(d)(1)(A), any § 2255 petition not filed within one year of the date on which "judgment became final by the conclusion of direct review" is time-barred. 28 U.S.C. § 2244(d)(1)(A). When Congress enacted Section 2244(d), it clearly anticipated that some petitioners would be foreclosed from bringing their habeas applications because of the newly imposed statute of limitations. In the instant case, no circumstances were presented which would justify equitable tolling.

In Villegas v. Johnson, 184 F.3d 467 (5th Cir. 1999), the Fifth Circuit explained that allowing tolling for successive petitions will not extend to an excessive degree the time for filing a federal habeas petition, stating:

> [T]he tolling will last only as long as the state court takes to resolve the pending application because any lapse of time before the state application is properly

---

[1] See, Magistrate Judge Alma Chassez' Report, at pp. 2-3 (Rec.Doc.No. 14).

>filed will be counted against the one-year limitation period. See *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998). **Thus, a prisoner will not be able to revive an expired limitation period by simply filing a state petition in conformity with basic procedural requirements.** Id., at 472 (emphasis added).

The Magistrate Judge correctly counted the lapse of time from from January 31, 1997 up to January 31, 1998, concluding that since no state post-conviction proceedings were filed, Stevens' federal application for post-conviction relief was time-barred.

The Court does not find petitioner's arguments persuasive. Stevens submits that as a matter of comity, the AEDPA's statutory one-year limitation period should not begin to run until after not only direct review has been completed but also until after state post conviction review has been exhausted, noting that under Louisiana law he had three years to apply for post-conviction relief. Such an interpretation conflicts with the clear wording of the statute.

Stevens also cites <u>Villegas</u>, <u>supra</u>, for the proposition that a properly filed state habeas petition stops the running of § 2244(d)(1)(A)'s statutory one-year limitations period and that a properly filed state habeas petition is one submitted in accordance with the state's procedural requirements such as those governing time and place of filing. <u>Id</u>., at 469. <u>Villegas</u>, however, is inapposite in pertinent part. In <u>Villegas</u>, petitioner's statutory one-year limitations period had not expired when he filed his second state habeas petition. Therefore, his properly filed successive post-conviction proceedings tolled the running of the one-year statutory limitations period during their pendency.

3

Quite unlike the petitioner in <u>Villegas</u>, Stevens in the instant case filed nothing to toll the running of the statutory one-year limitations period until long after the limitations period had expired. The language of the Fifth Circuit in the <u>Villegas</u> decision which controls the result of the instant case is that: "a prisoner will not be able to revive an expired limitations period by simply filing a state petition in conformity with basic procedural requirements." <u>Id</u>., at 472.

Accordingly,

**IT IS ORDERED** that the application for federal habeas relief of Royal Stevens be and is hereby **DISMISSED WITH PREJUDICE as time-barred**.

New Orleans, Louisiana, this ___31st___ day of MAY, 2000.

_____
UNITED STATES DISTRICT JUDGE

cc: all counsel of record